PER CURIAM.
James R. Williams, a pro se inmate, appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Williams entered a plea to battery on a law enforcement officer and was ultimately sentenced to a 5-year prison term as a prison releasee reoffender. In his motion for postconviction relief, along with the supplements thereto, William raised seven claims of ineffective assistance of counsel. We reverse the summary denial of one claim, that his trial counsel was ineffective for failing to subpoena electronic surveillance tapes of the incident that led to his conviction, and affirm the balance.
Williams contends that if his attorney would have subpoenaed the bank’s videotape, it would have shown that Williams did not batter the officer, and instead, the victim police officer battered Williams. The state does not refute Williams’ allegation.
Accordingly, we reverse the summary denial of this claim for an evidentiary hearing thereon. See Roberts v. State, 568 So.2d 1255, 1259 (Fla.l990)(explaining that “a claim of ineffective assistance of counsel will warrant an evidentiary hearing where the movant alleges ‘specific facts which are not conclusively rebutted by the record and which demonstrate a deficiency in performance that prejudiced the defendant’ ”).
KLEIN, STEVENSON and HAZOURI, JJ., concur.